FILED

AUG 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKY TURNER, | No. 12-15698 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00707-ACK-BMK |
| v. | |
| STATE OF HAWAII DEPARTMENT OF EDUCATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Ricky Turner appeals pro se from the district court's summary judgment in

his employment action alleging race discrimination and harassment in violation of

federal and state law.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639-40 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Turner's claims under Title VII, 42 U.S.C. § 1981, and section 378-2 of the Hawaii Revised Statutes because Turner failed to raise a genuine dispute of material fact as to whether similarly situated individuals were treated more favorably, and whether defendants' stated non-discriminatory reasons for terminating his employment were mere pretext. *See id.* at 640-42 & n.5 (listing elements of a prima facie case of discrimination, discussing "similarly situated" individuals requirement, and explaining that circumstantial evidence of pretext must be specific and substantial); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 n.5 (9th Cir. 2006) (the *McDonnell Douglas* framework applies to employment discrimination claims under 42 U.S.C. § 1981); *Hac v. Univ. of Haw.*, 73 P.3d 46, 55 (Haw. 2003) (the *McDonnell Douglas* framework applies to discrimination cases under section 378-2 of the Hawaii Revised Statutes).

The district court properly granted summary judgment on Turner's hostile work environment claims because Turner failed to raise a genuine dispute of material fact as to any element of his claims. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 & n.3 (9th Cir. 2008) (elements of a hostile work

2                                                                                    12-15698

environment claim under Title VII and 42 U.S.C. § 1981); *Nelson v. Univ. of Haw.*, 38 P.3d 95, 109 (Haw. 2001) (elements of a hostile work environment claim under section 378-2 of the Hawaii Revised Statutes); *see also Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations unsupported by factual data cannot defeat summary judgment.").

The district court properly granted summary judgment on Turner's claims under Title VI and 42 U.S.C. §§ 1983 and 1985 because Turner failed to raise a genuine dispute of material fact as to whether defendants engaged in intentional discrimination. *See Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012) ("To prevail under 42 U.S.C. § 1983, a plaintiff must prove that he was 'deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" (citation omitted)); *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 703 (9th Cir. 2009) (discussing "similar proofs" required for violations of equal protection and Title VI); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) ("[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983.").

We do not consider Turner's contentions concerning the timeliness of his claims because, as explained above, his claims fail on the merits.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Turner's motion, filed on July 9, 2012, and his request for leave to file an amended complaint, set forth in the opening brief, are denied.

**AFFIRMED.**